AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: **Middle** | |
|---|---|---|
| Name (under which you were convicted):<br><br>Reginald Rogers | | Docket or Case No.: |
| Place of Confinement :<br>C.F.R.C.East Unit | Prisoner No.:<br><br>749405 | |
| Petitioner (include the name under which you were convicted)<br><br>Reginald Rogers | Respondent (authorized person having custody of petitioner)<br><br>State of Florida | |
| | v. | |
| The Attorney General of the State of: **Florida** | | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    In the Circuit Court of the Seventh Judicial Circuit, In and for Voluia County, Florida

    (b) Criminal docket or case number (if you know):    # 2014-305223-CFDB

2.  (a) Date of the judgment of conviction (if you know):    07/21/2015

    (b) Date of sentencing:    09/02/2015

3.  Length of sentence:    15 years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:  October 11, 2014

    Count 1, Burglary of a dwelling, Fla. Stat. 810.02 (3)(b); Count 2, Possesion of burlary tools, Fla. Stat.

    810.06; Count 3, Possesion of paraphernalia, Fla. Stat. 893.147(1); Count 4 Resisting Arrest without

    violence, Fla. Stat.843.02 and Count 5 Dealing in Stolen Property- direct

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty       ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty           ☐ (4)  Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   **Fifth District Court of Appeal**

(b) Docket or case number (if you know):

(c) Result:   **Denied**

(d) Date of result (if you know):   **10/25/2016**

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:   **N/A**

(2) Docket or case number (if you know):   **N/A**

(3) Result:   **N/A**

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised:        N/A

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):    N/A

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?        ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Seventh Judicial Circuit

(2) Docket or case number (if you know):    2014-305223-CFAES

(3) Date of filing (if you know):    04/25/2017

(4) Nature of the proceeding:    Post Conviction Motion 3.850

(5) Grounds raised:    1)Ineffective Assistance of counsel for failure to challange the essetial

elements of the offense.2)Ineffective Assistance of counsel for failure to call exculpatory

witnesses.3)Ineffective Assistance of counsel for failing to object to States amending

information.4)Ineffective Assistance of Counsel for failure to object to improper jury

instructions for recently stolen property.5)Ineffective Assistance of Counsel for not objecting

and addressing the inconsistent statements of witness and victim.6)Ineffective Assistance

of Counsel for failing to object to testimony of Timothy Joalson.7)Ineffective Assitance of

Counsel for failing to re-enact Defendants speedy rights.8)Ineffective assistance of Counsel

for failing to ask for a continuance to have a set Farreta Hearing.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes    ☐ No

(7) Result:    Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know):    03/13/2020

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:    N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   Ineffective Assistance of Counsel for Failure to challenge the essetial elements of the offenses.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See pg.11 Second paragraph, Counsel violated petitioners six amendment right protected pursuant to U.S.

Constitution in his failure to challege or dispute essential elements of the offenses the States cases. Defendant

was wrongly convicted of burglary of an unoccupied dwelling.

(b) If you did not exhaust your state remedies on Ground One, explain why:   N/A

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    3.850

Name and location of the court where the motion or petition was filed:    In the Circuit Court of the seventh

Judicial Circuit, In and for Volusia County

Docket or case number (if you know):    2014-305223 CFDB

Date of the court's decision:    03/16/2020

Result (attach a copy of the court's opinion or order, if available):    Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    5th DCA

Docket or case number (if you know):    5D20-0796

Date of the court's decision:    10/20/2020

Result (attach a copy of the court's opinion or order, if available):    P.C.A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   N/A

**GROUND TWO:**            Ineffective Assistance of Counsel for failure to call an exculpatory witnesses.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See 3.850 Motion Pgs. 17-21(A)   3.850

(b) If you did not exhaust your state remedies on Ground Two, explain why:   N/A

(c)   **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐   Yes    ☑   No

    (2) If you did not raise this issue in your direct appeal, explain why:   N/A

(d)   **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑   Yes    ☐   No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   3.850

    Name and location of the court where the motion or petition was filed:   In the Circuit Court of the Seventh

    Judicial Circuit, in and for Volusia County

    Docket or case number (if you know):   2014-305223 CFDB

AO 241 (Rev. 09/17)

Date of the court's decision:    03/16/2020

Result (attach a copy of the court's opinion or order, if available):    Denied

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    5th DCA

Docket or case number (if you know):    5D20-0796

Date of the court's decision:    10/20/2020

Result (attach a copy of the court's opinion or order, if available):    P.C.A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :    N/A

**GROUND THREE:**    Ineffective Assistance of Counsel for failing to object to States Amended information.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Pgs. 21-23(A)

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:    N/A

(c)    **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:    3.850

    Name and location of the court where the motion or petition was filed:    In the Circuit Court of the Seventh

    Judicial Circuit, in and for Volusia County

    Docket or case number (if you know):    2014-305223 CFDB

    Date of the court's decision:    03/16/2020

    Result (attach a copy of the court's opinion or order, if available):    Denied

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

    (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:    5th DCA

    Docket or case number (if you know):    5D20-0796

    Date of the court's decision:    10/20/2020

    Result (attach a copy of the court's opinion or order, if available):    P.C.A

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  N/A

**GROUND FOUR:**  Ineffective Assistance of Counsel for failure to object to improper Jury Instrction for recently stolen property.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Pgs. 23-26(A)

(b) If you did not exhaust your state remedies on Ground Four, explain why:  N/A

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:  N/A

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  3.850

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:    In the Circuit Court of the Seventh

Judicial Circuit in and for Volusia County

Docket or case number (if you know):    2014-305223 CFDB

Date of the court's decision:    03/16/2020

Result (attach a copy of the court's opinion or order, if available):    Denied


(3) Did you receive a hearing on your motion or petition?                              ☐ Yes      ☑ No

(4) Did you appeal from the denial of your motion or petition?                         ☑ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  5th DCA


Docket or case number (if you know):    5D20-0796

Date of the court's decision:    10/20/2020

Result (attach a copy of the court's opinion or order, if available):   P.C.A.


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A


(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:   N/A

AO 241 (Rev. 09/17)

**GROUND FIVE:** <u>Ineffective Assistance Of Counsel For Not Objecting And Addressing the Inconsistent Statements Of Witness And Victim</u>.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>See Pg 26–28 (3.850)</u>

(b) If you did not exhaust your state remedies on Ground Five, explain why: _____

(c) **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: <u>N/A</u>

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>3.850</u>

Name and location of the court where the motion or petition was filed: <u>In The Circuit Court Of The Seventh Judicial Circuit, In And For Volusia County</u>

Docket or case number (if you know): <u>2014-305223 CFDB</u>

Date of the court's decision: <u>3/16/2020</u>

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?          □ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition?          ☑ Yes □ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☑ Yes □ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was file: 5th DCA

Docket or case number (if you know): 5D20-0796

Date of the court's decision: 10/20/2020

Result (attach a copy of the court's opinion or order, if available): P.C.A.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: N/A

**GROUND SIX:** Ineffective Assistance Of Counsel For Failing To Object To The Testimony Of Timothy Jackson.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Pgs 29–30 (3.850)

(b) If you did not exhaust your state remedies on Ground Six, explain why:

_____

_____

**(c) Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: <u>N/A</u>

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>3.850</u>

Name and location of the court where the motion or petition was filed: <u>In The Circuit Court Of The</u>
<u>Seventh Judicial Circuit In And For Volusia County</u>

Docket or case number (if you know): <u>2014-305223 CFDB</u>

Date of the court's decision: <u>3/16/2020</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

_____

_____

(3) Did you receive a hearing on your motion or petition?                                  ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?                            ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was file: <u>5th DCA</u>

_____

Docket or case number (if you know): <u>5D20-0796</u>

Date of the court's decision: <u>10/20/2020</u>

Result (attach a copy of the court's opinion or order, if available): <u>P.C.A.</u>

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: : N/A

**GROUND SEVEN:** Ineffective Assistance Of Counsel For Failing To Re-Enact Defendants Speedy Rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Pgs 30–31(3.850)

(b) If you did not exhaust your state remedies on Ground Seven, explain why: N/A

(c) **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850

Name and location of the court where the motion or petition was filed: In The Circuit Court Of The Seventh Judicial Circuit In And For Volusia County

Docket or case number (if you know): 2014-305223 CFDB

Date of the court's decision: 3/16/2020

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?     ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was file: 5th DCA

Docket or case number (if you know): 5D20-0796

Date of the court's decision: 10/20/2020

Result (attach a copy of the court's opinion or order, if available): P.C.A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven: N/A

**GROUND EIGHT:** Ineffective Assistance Of Counsel For Failing To Ask For A Continuance To Have A Set Farreta Hearing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Pgs 31–33(3.850)

(b) If you did not exhaust your state remedies on Ground Eight, explain why: N/A

**(c) Direct Appeal of Ground Eight:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850

Name and location of the court where the motion or petition was filed: In The Circuit Court Of The

Seventh Judicial Circuit In And For Volusia County

Docket or case number (if you know): 2014-305223 CFDB

Date of the court's decision: 3/16/2020

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was file: 5th DCA

Docket or case number (if you know): 5D20-0796

Date of the court's decision: 10/25/2016

Result (attach a copy of the court's opinion or order, if available): P.C.A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight: N/A

_____
_____
_____

**GROUND NINE:** Motion For Judgment of Acquittal

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Appellant's Initial Brief for Direct Appeal Pgs. 1-10

_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Nine, explain why: Because you can't exhaust it in the State Court.

_____
_____
_____
_____
_____

(c) **Direct Appeal of Ground Nine:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was file: 5th DCA _____

_____

Docket or case number (if you know): 5D15-3495 _____

Date of the court's decision: 10/26/2016 _____

Result (attach a copy of the court's opinion or order, if available): P.C.A _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Nine: N/A _____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?  ☑ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:   N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐ Yes    ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.   N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.   N/A

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Larry Powers

(b) At arraignment and plea:   Larry Powers

(c) At trial:   Larry Powers

(d) At sentencing:   Larry Powers

(e) On appeal:   Peter Warren/ Mitchell G. Wrenn

(f) In any post-conviction proceeding:   Peter Warren/ Mitchell G. Wrenn

(g) On appeal from any ruling against you in a post-conviction proceeding:   Peter Warren/ Mitchell G. Wrenn

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☑ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Oringinal Sentencing Date - 9/2/2015

Direct Appeal Mandate - 10/25/2016

Motion for Post Conviction Relief - 4/25/2017

Order Denying Post Conviction Relief - 3/16/2020

Notice of Appeal (3.850) - 3/23/2020

AO 241 (Rev. 09/17)

Mandate Affirming Denial of 3.850 - 11/13/2020

Petitioners One Year deadline to file his 2254 ends in 8/13/2021 therefore this petition is timely filed.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Reverse and Remand for New Trial or Judgment of Aquittal.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on    1/5/21    (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____